# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JAMES LONG and
JUDY LONG,

        Plaintiffs,        No. 13-cv-14810

vs.        Hon. Gerald E. Rosen

OCWEN LOAN SERVICING, LLC, and
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Indymac INDX
Mortgage Trust 2006-AR4, Mortgage Pass-
Through Certificates, Series 2006-AR4,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on April 10, 2014
PRESENT: Honorable Gerald E. Rosen
        United States District Chief Judge

### I. INTRODUCTION

This home foreclosure case is presently before the Court on Plaintiffs' Motion to Remand. Defendants have responded. Having reviewed and considered the parties briefs, supporting documents, and the entire record of this matter the Court has determined that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this matter. Accordingly, the Court will decide Plaintiffs' Motion "on the briefs." See Eastern

1

District of Michigan Local Rule 7.1(f)(2).  This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Plaintiffs James and Judy Long initiated this action on November 1, 2013 in Oakland County Circuit Court against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company as trustee for the Indymac INDX Mortgage Trust ("Deutsche Bank"). Plaintiffs' Verified Complaint was accompanied by a motion for a temporary restraining order ("TRO") to restrain and enjoin the sheriff's sale of Plaintiffs' property. The court denied the TRO on November 4, 2013. Plaintiffs thereafter filed an Amended Complaint on November 4, 2013.  Then, on November 7, 2013, Plaintiffs filed a motion for preliminary injunction. Plaintiffs subsequently filed a Second Amended Complaint on November 21, 2013. Defendants were served with the Second Amended Complaint the same day.  Before any hearing was held on Plaintiffs' motion for injunctive relief, late in the afternoon of November 21, 2013, Defendants removed the case to this Court asserting jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs timely filed the present motion to remand on December 20, 2013.

## III. DISCUSSION

Plaintiffs move to remand this case to state court, arguing that Defendants "did not perfect" their right to a removal because they failed to include certain state court documents in their removal filing.  Specifically, Plaintiffs complain that Defendants

failed to include: (1) exhibits that were attached the Plaintiff's original Complaint: (2) exhibits that were attached to Plaintiffs' Second Amended Complaint; (3) the proof of service for Plaintiff's Verified Second Complaint; (4) Plaintiffs' motion for a preliminary injunction; (5) the Notice of Hearing for Plaintiff's motion for a preliminary injunction; and (6) the State Court's order administratively closing the case. Although the parties seem to disagree regarding which state court papers did not accompany the Notice of Removal, the Court is willing to resolve all doubts in favor of Plaintiffs and assume these allegations as correct. However, the Court is not persuaded by Plaintiffs' argument that failure to attach the complained of documents rendered Defendants' removal ineffective. Therefore, their motion for remand will be denied.

The courts in this District have consistently held that a defendant's failure to include in its removal papers all state court documents does not mandate remand to state court. *See e.g., Colletti v. Nationstar Mortgage, LLC*, 2013 WL 6631533, at *4 (E.D. Mich. Dec. 17, 2013) (the requirement "that a defendant must attach all the documents served on all parties in order to remove a case" [...] does not exist in this district"); *Ordway v. Bank of Am., N.A.*, 2013 WL 5551083, at*3 (E.D. Mich. Oct. 8, 2013) (defendant's failure to include in the notice of removal all documents previously served upon him did not warrant remand where defendant subsequently filed the missing documents).

Unlike a jurisdictional error, a defendant's failure to attach certain state court documents is the kind of *de minimis* procedural error not necessitating remand to state court. *See Cadez v. Residential Credit Solutions, Inc.*, 2013 WL 2238486, at*1 (E.D.

3

Mich. May 21, 2013) (*citing Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir.2011)) (failure to attach a state court order granting a preliminary injunction is a *de minimis* procedural defect insufficient to deprive the district court of jurisdiction over the case removed to it). Such rather trivial procedural errors are curable in federal court, even after the expiration of the thirty-day removal period. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (holding that a "*de minimis* procedural defect was curable" even "after expiration of the thirty-day removal period); s*ee also Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1273 (10th Cir. 2011); 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3733 (2010) ("The failure to conform to these procedural rules is not a jurisdictional defect, and both the failure to file all the state court papers or to provide the Rule 11 signature are curable in the federal court if there is a motion to remand.").

As in the above cases, the Court concludes that Defendants' failure to attach some of the state court papers to their Notice of Removal in this case was also a *de minimis* procedural error. First, with respect to Defendants' failure to include in the removal papers the exhibits attached to Plaintiff's original and Second Amended Complaints, as Defendants correctly point out, the missing exhibits are identical with the ones attached to the Plaintiffs' First Amended Complaint, which Defendants did include. Defendants' failure to re-file identical exhibits already filed is precisely the minuscule irregularity incapable of justifying remand. *See Botsford v. Bank of Am., N.A.*, 2013 WL 5676641, at*2 (E.D. Mich. Oct. 18, 2013) (holding that to require remand for the minor irregularity involving the location of defendant's name on the summonses attached would be to

"elevate form over substance"). The same is true for Defendants' failure to include in the removal papers Plaintiffs' motion for a preliminary injunction and the Notice of Hearing for the motion. *See Ordway v. Bank of Am., N.A.*, 2013 WL 5551083, at*3 (E.D. Mich. Oct. 8, 2013) (defendants' failure to include the TRO and order to show cause in the notice of removal does not warrant remand). Third, the failure to include the proof of service for Plaintiffs' Verified Second Amended complaint -- this "totally inconsequential defect in removal papers" is insufficient to deprive the district court of jurisdiction. *See Cadez v. Residential Credit Solutions, Inc.*, 2013 WL 2238486, at*1 (E.D. Mich. May 21, 2013). Finally, as Defendants note, the State Court's order administratively closing the case could not have been attached to the Notice of Removal as it had not been yet issued at the time the case was removed.

Equally important, Defendants have already cured the errors noted by filing the alleged missing documents with their response to Plaintiffs' motion for remand. Since Plaintiffs have not demonstrated that the parties to this case, this Court, the state court or anyone else were harmed by Defendants' procedural defects, remand is inappropriate. *See Griffin v. JPMorgan Chase Bank, N.A.*, 2013 WL 2237974, at *3 (E.D. Mich. May 21, 2013). [1]

---

[1] The Court notes that this is the twenty-seventh motion to remand filed by Plaintiffs' attorney, Nickolas Buonodono of Gantz Associates, in the last 18 months raising these same "procedural defect" grounds as the basis for remand, and all but one such motion have been found to lack merit for one or more of the reasons stated above in this Opinion and Order. The Court, therefore, takes this opportunity to remind Mr. Buonodono of his Rule 11 obligations, i.e., that:

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.


Dated: April 10, 2014        s/Gerald E. Rosen
                             GERALD E. ROSEN
                             CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 10, 2014, by electronic and/or ordinary mail.

                             s/Julie Owens
                             Case Manager, 313-234-5135

---

*By presenting to the court a pleading, written motion, or other paper* – whether by signing, filing, submitting, or later advocating it – *an attorney…certifies that* to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

(1) *it is not being presented for any improper purpose such as to* harass, *cause unnecessary delay*, or needlessly increase the cost of litigation [and]

(2) *the claims, defenses, and other legal contentions are warranted by existing law* or by a nonfrivolous argument for extending, modifying, or reversing existing law of for establishing new law. . . .

Fed. R. Civ. P. 11(b)(1),(2).

Mr. Buonodono is cautioned that any future such motion filed by him will be viewed by this Court as a violation of Rule 11 and will subject him to sanctions pursuant to Fed. R. Civ. P. 11(c).